# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANK A. PAPERA and CHARLOTTE PAPERA, husband and wife, and PAPERA LIVING TRUST, <br>     Plaintiffs <br><br> v. <br><br> PENNSYLVANIA QUARRIED BLUESTONE COMPANY, F. CONRAD AND SONS and FRED D. CONRAD and THERESA A. CONRAD, <br>     Defendants | No. 3:16cv2205 <br><br> (Judge Munley) |

## **MEMORANDUM**

Before the court for disposition is the motion to dismiss filed by the defendants, Pennsylvania Quarried Bluestone Company, F. Conrad and Sons, and Fred D. and Theresa A. Conrad, which we have construed as a motion for summary judgment.[1] The motion has been fully briefed and is ripe for disposition.[2]

**Background**

---

[1] On February 22, 2018, we informed the parties the we were converting the motion dismiss to a motion for summary judgment pursuant to Rule 12(d) of the Federal Rules of Civil Procedure.

[2] Plaintiffs have requested oral argument on this motion; however, under the facts of the case as presented by the parties the matter is clear and argument is unnecessary.

On March 10, 2015, the above-listed plaintiffs filed a complaint against the above-listed defendants, and the Clerk of Court filed it to docket number 3:15cv476.  This complaint alleged that the plaintiffs and the defendants had entered into a mining and quarrying agreement regarding land owned by the plaintiffs in Kingsley, Pennsylvania.  3:15cv476, Doc.1, Compl. ¶ 8.  This contract was entered into on June 9, 1998.  Id.

On August 13, 2007, the parties entered into a one-year contract regarding the bluestone quarry located on plaintiffs' property in Kingsley, Pa.  Id. at ¶ 9. "The contract was verbally renewed by the parties for each year subsequent."  Id. Despite this allegation in paragraph 9 of the complaint, paragraph 10 indicates that the last known contract for the quarry between the parties was to expire as of August 13, 2008.  Id. at ¶ 10.

From August 2008 through 2012, Plaintiff Frank Papera made periodic visits to Defendant Fred Conrad requesting that the bluestone quarry be closed. Id. ¶ 11.  In May of 2012, plaintiffs found on their property two large un-remediated quarry areas, an abandoned truck, a water tanker and tires. Id. ¶ 12.

Since early 2014, plaintiffs have requested that defendants remediate the quarry, remove the equipment and provide a full and complete accounting of all stone removed from the property so appropriate payment can be made to the plaintiffs.  Id. ¶ 13. Evidently, the defendants did not comply.  Based upon these

allegations, the plaintiffs asserted causes of action for: Count 1- Declaratory Judgment; Count 2- Action To Recover Royalties and Demand for an Account; Count 3- Negligent Breach of Contract; and Count 4 – Injunctive Relief.

Two months after filing the complaint, plaintiffs' counsel filed a letter with the court indicating that the case had been amicably resolved and asking for a sixty (60) day closing order. Dckt. No. 3:15cv476, Doc. 17. Thus the court issued an "Order of Dismissal" providing the parties sixty days in which to consummate the settlement. Dckt. No. 3:15cv476, Doc.18. More than sixty days later, plaintiffs' counsel filed another letter with the court. This letter asked for a conference call regarding the future status of the litigation. Dckt. No. 3:15cv476, Doc. 19. The court scheduled a conference for September 12, 2016. Dckt. No. 3:15cv476. At the conference, the court indicated that it no longer had jurisdiction over the case.

Then on November 1, 2016, plaintiff instituted the instant lawsuit by filing a complaint. (Doc. 1). The original complaint in this case is identical to the complaint in 3:15cv476. The court was unsatisfied that diversity citizenship had been adequately pled by the complaint and thus we ordered plaintiffs to file an amended complaint. (Doc. 3, Order of Nov. 3, 2016). Plaintiffs filed an amended complaint on November 22, 2016. (Doc. 4). The amended complaint

appears to be identical to the other complaints, except that it alleges the citizenship of the parties. (Id.)

Defendants answered the amended complaint of February 13, 2017. (Doc. 8). On September 19, 2017, defendants filed a motion to dismiss the case. (Doc. 31). By an order dated February 22, 2018, we converted the motion to dismiss into a motion for summary judgment and established a briefing schedule. (Doc. 36). The parties have filed briefs setting forth their respective positions and the matter is ripe for disposition.

**Jurisdiction**

Plaintiffs claim jurisdiction based upon diversity of citizenship with plaintiffs being citizens of New Jersey and defendants being citizens of Pennsylvania. (Doc. 4, Am. Compl. ¶ ¶ 1-4). See 28 U.S.C. § 1332 ("district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states[.]")

**Standard of review**

Granting summary judgment is proper "'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" See Knabe v. Boury,

114 F.3d 407, 410 n.4 (3d Cir. 1997) (quoting FED. R. CIV. P. 56(c)). "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original).

In considering a motion for summary judgment, the court must examine the facts in the light most favorable to the party opposing the motion. Int'l Raw Materials, Ltd. v. Stauffer Chem. Co., 898 F.2d 946, 949 (3d Cir. 1990). The burden is on the moving party to demonstrate that the evidence is such that a reasonable jury could not return a verdict for the non-moving party. Anderson, 477 U.S. at 248 (1986). A fact is material when it might affect the outcome of the suit under the governing law. Id. Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial. Celotex v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies its burden, the burden shifts to the nonmoving party, who must go beyond its pleadings, and designate specific facts by the use of affidavits, depositions, admissions, or answers to interrogatories showing that there is a

genuine issue for trial. Id. at 324.

**Discussion**

Defendants' argument for summary judgment is that final judgment has been entered on these issues, and plaintiffs should proceed by filing a motion under Rule 60 to reopen the judgment. According to the defendants, plaintiffs cannot merely re-file a lawsuit which they had previously informed the court was settled. Initially, we note that this argument is not persuasive. In certain instances, as described below, such subsequent lawsuits are permitted. Our task is to determine whether this is one of those instances or whether the case is barred by res judicata.

Plaintiffs' position is that despite what they told the court, the first case did not settle. No settlement agreement memorandum or written settlement agreement has been produced because none exists. The filing of this, the second lawsuit, is appropriate because no settlement of the first was ever consummated and the filing of this case was necessary to prevent a gross injustice.

After a careful review, we find that summary judgment should be granted to the defendants. Defendants' position is generally based upon the tenets of res judicata. Res judicata, also known as claim preclusion, "prevents a party from relitigating a claim that was the subject of a judgment in a prior action between

the same parties." Electro-Miniatures Corp. v. Wendon Co., Inc., 889 F.2d 41, 44 (3d Cir. 1989). Res judicata serves the goals of "judicial economy, predictability, and freedom from harassment." Id. (internal quotation marks and citation omitted).

Rule 60(b) of the Federal Rules of Civil Procedure, however, allows for the opening of judgments in certain instances. Further it acknowledges the court's "power …to entertain an independent action to relieve a party from a judgment, order or proceeding[.]" Such independent actions are only allowed "for those cases of injustices which, in certain instances, are deemed sufficiently gross to demand a departure from rigid adherence to the doctrine of res judicata." U.S. v. Beggerly, 524 U.S. 38, 46 (1998). Plaintiffs claim that this is a case where a gross injustice would occur if we do not let them proceed. We disagree.

Plaintiffs notified the court that the original case had been amicably resolved and asked for a sixty-day dismissal order on May 10, 2016. M.D. Pa. Dckt. 3:15cv476, Doc. 17. We granted the motion on the same day. Id. at Doc. 18. Plaintiffs did not notify the court of any problems within that sixty-day period. Instead, approximately 114 days later, plaintiffs' counsel requested a conference call to determine the future status of the original case. Id. at Doc. 19. During the conference call on September 7, 2016, the court informed counsel that it no

7

longer had jurisdiction over the case and that the proper way to proceed would be to file a separate action to enforce the settlement agreement.[3]

A review of the matters filed with regard to this motion reveals that the parties attempted to resolve the original matter and reached and finalized, at least in theory, a "Quarry Remediation Agreement." (Doc. 31, ¶ 2, Doc. 32, Plaintiffs' Response at ¶ 2). Plaintiffs admit that settlement discussions had been conducted but indicate that no settlement had ever been "consummated" and that such settlement discussions are irrelevant to the instant matter. Defendant further reveals that plaintiffs initially agreed to a settlement agreement, but subsequently rejected it. (Doc. 31, ¶ 3). Plaintiff denies this assertion to the extent that it occurred at a mediation and the defendant should not disclose the substance of a mediation. (Doc. 31, ¶ 2, Doc. 32, Plaintiffs' Response at ¶ 2). While plaintiffs' defense of mediation confidentiality may generally be commendable, in this specific instance, it is important for the court to know what happened to determine whether it would be a gross injustice not to re-open the claims.

Thus, it appears that the parties reached an agreement to settle, and the plaintiffs notified the court. The court closed the case. The settlement fell

---

[3] It appears plaintiffs did not file a separate action to enforce the settlement agreement either because no such agreement existed or because plaintiffs did not seek to enforce the settlement that had been reached.

through for some reason. Plaintiffs then tried to reinstate the case. These facts do not amount to a gross injustice against the plaintiffs. In fact, it appears the plaintiffs do not want the court to examine these facts as they say repeatedly that the facts of the prior case are not relevant to the instant matter. We cannot ignore the facts of the prior case in determining whether it would be a gross injustice to deny the plaintiffs the opportunity to re-open the case's claims. Plaintiff has presented no facts to support its claim of a gross injustice. In fact, it was plaintiffs who notified the court that the case was settled and asked for a sixty-day dismissal order. Plaintiffs then did nothing for over a hundred days. This appears not to be a gross injustice, but rather a problem of the plaintiffs' own creation. Accordingly, the defendants' motion for summary judgment will be granted and this case dismissed as barred by res judicata.

**Date: August 24, 2018**

**BY THE COURT:**

**s/ James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**